IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| FLOORS & MORE, INC., ) | |
| ) | CASE NO. BK06-81735-TJM |
| Debtor(s). ) | A07-8055-TJM |
| RICHARD D. MYERS, Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| JFK CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER

  This matter is before the court on the trustee's motion for summary judgment (Fil. #7) and objection by the defendant (Fil. #12). Alan E. Pedersen represents the plaintiff. The objection was filed by the defendant's founder. The motion was taken under advisement as submitted without oral arguments.

  The motion is denied.

  According to the complaint filed by the plaintiff, the debtor entered into a subcontracting agreement in August 2006 with JFK Construction, Inc., to sell materials and provide labor and machine work to install flooring in a retail store in Omaha, Nebraska. The materials were delivered and work was performed. The debtor filed its Chapter 7 bankruptcy petition on October 30, 2006, and its records show that JFK Construction owes $14,350 pursuant to the parties' agreement. The bankruptcy trustee filed this lawsuit to collect that debt.

  JFK Construction is not represented by counsel in this matter, but filed a letter objection to the motion for summary judgment. In that letter, the company states that the debtor failed to complete the job, which caused the retailer to reduce the contract payment to JFK Construction and to hire another company to finish the work. JFK Construction indicates it has lost subsequent work because of Floors & More's breach of the parties' contract.

  Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Aviation

Charter, Inc. v. Aviation Research Group/US, 416 F.3d 864, 868 (8th Cir. 2005); Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.), 371 F.3d 397, 401 (8th Cir. 2004).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record. Widoe v. District No. 111 Otoe County Sch., 147 F.3d 726, 728 (8th Cir. 1998); Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006).

While JFK Construction has not submitted any affidavits or other evidence in support of its position and has not responded to the trustee's requests for admission, the court looks to the pleadings as well as to the discovery evidence to ascertain whether the movant is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c). In this case, JFK Construction's answer indicates that it does not in fact owe Floors & More what the trustee claims because Floors & More breached the subcontract. This is a defense sufficient to preclude summary judgment for the trustee because it means that the pleadings and evidence do not "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" at this point in the proceedings.

The court notes that JFK Construction, Inc., has participated in the case through its founder, Jack Killoren. There is no evidence Mr. Killoren is an attorney. It is settled law that a corporation may be represented in legal proceedings only by licensed counsel. Carr Enter., Inc. v. U.S., 698 F.2d 952, 953 (8th Cir. 1983) (per curiam). Therefore, JFK Construction must retain counsel to appear on its behalf if it intends to go forward with defending this lawsuit.

IT IS ORDERED the trustee's motion for summary judgment (Fil. #7) is denied.

DATED:    November 1, 2007

BY THE COURT:

Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
　　*Alan E. Pedersen
　　JFK Construction, Inc., attn. Mr. Jack Killoren, 3451 St. Albans Road, P.O. Box 210, St.
　　　　Albans, MO 63073
　　U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.