IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| FLOORS & MORE, INC., ) | |
| ) | CASE NO. BK06-81735-TJM |
| Debtor(s). ) | A07-8055-TJM |
| RICHARD D. MYERS, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| JFK CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the plaintiff's second motion for summary judgment (Fil. #21). No resistance was filed. Alan Pedersen represents the plaintiff. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

According to the complaint filed by the plaintiff, the debtor entered into a subcontracting agreement in August 2006 with JFK Construction, Inc., to sell materials and provide labor and machine work to install flooring in a retail store in Omaha, Nebraska. The materials were delivered and work was performed. The debtor filed its Chapter 7 bankruptcy petition on October 30, 2006, and its records show that JFK Construction owes $14,350 pursuant to the parties' agreement. The bankruptcy trustee filed this lawsuit to collect that debt.

The trustee filed a previous motion for summary judgment, which was denied on the basis that the defendant's answer indicated it did not owe the amount claimed by the trustee because the debtor in fact breached the contract. See Fil. #15. The defendant was directed to obtain legal representation to continue defending this lawsuit. Id. No counsel has entered an appearance, and the defendant has not responded substantively to the trustee's discovery requests or submitted evidence in opposition to the trustee's motion.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); Williams v. Marlar (In re Marlar), 267 F.3d 749, 755 (8th Cir. 2001).

Upon a motion for summary judgment, the initial burden of proof is allocated to the movant in the form of demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325. To withstand a motion for summary judgment, the non-moving party must submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Austin v. Minnesota Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (quoting Hase v. Missouri Div. of Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Here, the defendant has not come forward with any evidence to demonstrate that the debtor breached the contract. The only evidence before the court is the trustee's requests for admission. The defendant did not answer those requests within 30 days, so they are deemed admitted. Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36(a). Any matter deemed admitted is conclusively established for purposes of this lawsuit. Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36(b). Therefore, I find that JFK Construction, Inc., owes Floors & More, Inc., $14,350 on account of materials and services furnished pursuant to the contract between the parties. The money belongs to Floors & More's bankruptcy estate and should be turned over to the Chapter 7 trustee. Interest at twelve percent per annum from the invoice date of September 18, 2006, will accrue pursuant to Neb. Rev. Stat. § 45-104.

IT IS ORDERED: The plaintiff's second motion for summary judgment (Fil. #21) is granted. Separate judgment shall be entered.

DATED:    March 14, 2008

BY THE COURT:

Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
   *Alan Pedersen
   John F. "Jack" Killoren, JFK Construction, Inc., 3451 St. Albans Road, P.O. Box 210, St. Albans, MO 63073
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.